TEXAS & PACIFIC RAILWAY COMPANY v. RAY BROS. & HUGHES.

Decided January 14, 1905.

**1.—Carriers of Freight—Ordering Cars—Authority of Station Agent.**

It will not be presumed that a railroad station agent has authority to contract with a shipper to furnish cars for a shipment to be made from another and different station.

**2.—Same—Pleading and Charge.**

Allegations that plaintiffs contracted with defendants' agent at C. for certain cars to be furnished at S., for a shipment of cattle, did not warrant a charge authorizing a recovery if said agent, acting as the agent of plaintiffs, forwarded their order to the station agent at S. calling for cars to be furnished there, and the cars were not so furnished.

Appeal from the District Court of Fisher. Tried below before Hon. H. R. Jones.

*Beall & Beall,* for appellant.—Agents of railway companies in this state, unless specially authorized by the company, can not legally make contracts to furnish cars for live stock shipments at stations other than the one of which he is in charge, and to undertake to make such a contract would not be binding on the company. McCarty v. Railway Co., 79 Texas, 33; Railway Co. v. Hodges, 10 Texas Civ. App., 543; Railway Co. v. Dinwiddie, 21 Texas Civ. App., 344.

CONNER, CHIEF JUSTICE.—This suit was for damages because of an alleged failure of appellant to comply with a contract made with one W. A. Crowder, an agent of appellant at Colorado, Texas, to furnish, within a reasonable time, from November 4, 1902, cars in which to ship two

hundred and eighty-two cattle from Sweetwater, Texas, to East St. Louis, Illinois. It was alleged that, at the expiration of a reasonable time after November 4, 1902, to wit, on November 20, 1902, appellees tendered said cattle at Sweetwater for shipment, but that appellant failed and refused to furnish cars as contracted for, and refused to receive the cattle until November 26, 1902, which necessitated pasturing them in pastures with insufficient grass and water at an expense stated, and resulted in diminishing the weight and otherwise depreciating the market value of the same in the total sum of $1,268.75, for which appellees prayed for judgment. Appellant pleaded a general denial, and, among other things, specially, in substance, that no definite order or arrangement for cars had been made by appellees, and that cars had been furnished within reasonable time and at the earliest possible moment after November 20, when first called upon therefor. The trial resulted in a verdict and judgment for appellees in the sum of $600, from which his appeal has been prosecuted.

There was evidence that John Lovelady, for appellees, on or about November 4, 1902, at Colorado, Mitchell County, made to J. W. Crowder, appellant's station agent, application for cars in which to make the shipment in question from Sweetwater, in Nolan County. No direct evidence, however, of authority in Crowder to make contract to do so was offered, and it has been held that no such apparent authority exists. (Railway Co. v. Hodges, 10 Texas Civ. App., 543; Railway Co. v. Dinwiddie, 21 Texas Civ. App., 344.) The court, however, in his general charge, submitted the issue of contract vel non as alleged. In this condition of the case appellees requested, and the court gave, a special charge, from which we quote as follows: "Gentlemen of the jury: The local agent of defendant, W. A. Crowder, at Colorado, Texas, did not have authority to contract for and bind defendant to furnish cars to plaintiffs at Sweetwater, Texas, at another and different station, but did have the right to place an order with the local agent of defendant at Sweetwater, Texas, for cars for plaintiffs at said place, to be furnished at said Sweetwater, Texas, at a certain time, and if the said W. A. Crowder did place such an order for plaintiffs, then he was acting as agent of plaintiffs in so doing, and in that event defendant would in law be bound thereby."

In this connection it should be stated that Crowder, the agent at Colorado, testified that Lovelady made no request of him for cars, but that his books showed it was done to his clerk, Browley, as appeared from the following entry: "Colorado, 11-15-'02, Agt. Sweetwater. Lovelady orders for Ray Bros. & Hughes fourteen stable cars for St. Louis, via M., K. & T., to load November 21. Please place order. Notify Lovelady here as soon as cars are in sight. W. R. C." This order was followed by the following entry on the book: "Message sent to Agt., Sweetwater, for him to place order. Browley." Crowder testified that he presumed from this that the message had been sent, but denied knowledge, and no other evidence of transmission to or receipt of any such message by the agent at Sweetwater, Texas, was offered.

From this statement it seems apparent that the general charge, together with the special charge quoted, was at least confusing in tendency, in addition to which the special charge was not only on the

weight of the evidence, but presented an issue and ground of recovery nowhere presented in the pleadings. From which it follows, we think, that the judgment must be reversed.

In view of another trial, we will briefly notice several other questions presented by the assignments.

The error, or apparent error, of the court in excluding the shipping contracts containing limitation of appellant's liability, as specially pleaded, seems to have been rendered harmless by the court's instruction to the jury to exclude all damages caused by negligence on the part of the other carriers. If the issue of contract be again presented, the court's charge on the burden of proof should be so framed as to exclude the idea that the burden is upon the appellant to disprove it. In such event also no legal reason occurs to us why evidence, as appellant unavailingly offered, tending to show want of authority in Crowder to contract for the delivery of the cars at stations with station agents, in counties other than Mitchell, should not be received.

For the error in charges discussed, the judgment will be reversed and the cause remanded.

*Reversed and Remanded.*